584

5-3626                                        390 S. W. 2d 628

Opinion Delivered May 31, 1965.

*Warren & Bullion,* for appellant.

*Harper, Harper, Young & Durden,* for appellee.

GEORGE ROSE SMITH, J. Gibson Products Company of Fort Smith, a corporation, applied to the Arkansas State Board of Pharmacy for a permit to operate a pharmacy in the city of Fort Smith. Under the Board's Regulation 33 the application was made in the name of the appellee Lee R. Whitmer, a registered pharmacist whom Gibson intended to put in charge of its pharmacy if the permit should be granted. The Board denied the application, find-

ing that earlier in the month Whitmer had been suspended for 90 days by the Oklahoma Board of Pharmacy and was therefore not qualified "at this time" to be a supervising pharmacist in Arkansas.

Gibson and Whitmer appealed to the circuit court, which set aside the Board's order and directed that the permit be issued to Gibson. Under the statute the circuit court tries the case *de novo* on the record made before the Board. Ark. Stat. Ann. § 72-1029 (Repl. 1957). In similar situations, where the circuit court hears a matter under the procedure ordinarily followed in chancery, we too review the case *de novo* as in appeals from courts of equity. *City of Little Rock* v. *Newcomb,* 219 Ark. 74, 239 S. W. 2d 750 (1951); *Alston* v. *State,* 216 Ark. 604, 226 S. W. 2d 988 (1950).

There is no real dispute about the facts. Whitmer was originally licensed as a pharmacist in Arkansas, in 1950. Some years later he practiced pharmacy for a short time in Oklahoma before returning to Arkansas in 1964. Both before the Oklahoma Board and in the present Arkansas proceeding Whitmer candidly admitted that he had violated a federal law in Oklahoma by refilling two prescriptions that should not have been refilled without a physician's authorization. For this violation of law the Oklahoma Board suspended Whitmer's license for 90 days and placed him on probation for an additional 90 days. The Arkansas Board did not attempt either to suspend or to revoke Whitmer's Arkansas license; it merely rejected the Gibson-Whitmer application on the ground that as a result of the Oklahoma disciplinary action Whitmer was not qualified to act as a supervising pharmacist in Arkansas "at this time." (It should be noted that the Oklahoma suspension and probationary period have long since expired.)

We are of the opinion that the Board, in utilizing its own Regulation 33 in the way that it did, exceeded its statutory authority. The statute contemplates that a person or corporation such as the Gibson company, which is not itself a registered pharmacist, may nevertheless operate a pharmacy upon obtaining a permit from the

Board. It is required that the applicant be found by the Board to be qualified to conduct such a pharmacy and that the pharmacy will be under the direct supervision of a registered pharmacist. Ark. Stat. Ann. §§ 72-1017.1 and 72-1018.

There is no contention that Gibson is not qualified to operate a pharmacy or that Whitmer is not a registered pharmacist in Arkansas. Thus if Gibson itself had applied for a permit for its proposed operation, as the statute contemplates, the Board would have had no basis under the statute for denying the application. In fact, a denial of the application would have been an arbitrary and capricious act, unsupported by the evidence.

By regulation 33 the Board required the application to be made in Whitmer's name. It then rejected the application upon the nebulous ground that he is not qualified "at this time" to supervise a pharmacy. Thus the Board in practical effect suspended Whitmer's license without bringing charges against him and without affording him the notice and opportunity to be heard that the statute requires. Ark. Stat. Ann. § 72-1028. Moreover, the suspension is fatally indefinite, for no one can say what is meant by the finding that Whitmer is not qualified "at this time." We are firmly convinced that the Board cannot in this fashion deprive a registered pharmacist of his livelihood without bringing any charges against him and without the basic requirements of notice and hearing that are essential to fair play.

On March 29 of this year, before the case was ready for submission, we granted the Board's motion for a stay of the circuit court's order until the matter could be decided here on its merits. Now that the merits have been considered there is no further need for the stay order. To the contrary, we direct that an immediate mandate be issued, to prevent Whitmer's wrongful suspension from being continued during the court's summer recess. This action is of course without prejudice to the Board's right to file a petition for rehearing. See *Tassin* v. *Reynolds*, 222 Ark. 363, 260 S. W. 2d 462 (1953).

Affirmed.